**The below described is SIGNED.**

**Dated: March 16, 2010**

_____
**R. KIMBALL MOSIER
U.S. Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy Case No. 10-20334 |
| KIDDIE KANDIDS, LLC, | Chapter 7 |
| Debtor. | Honorable R. Kimball Mosier |

### AGREED RULE 26(c) PROTECTIVE ORDER

WHEREAS, documents and information may be exchanged, produced or exhibited by and among (1) CPI Corp. ("*CPI*"), (2) Toys "R" Us – Delaware, Inc. ("*TRU*"), (3) The Picture People, Inc. ("*PP*"), (4) Lifetouch Portrait Studios Inc. ("*LT*"), (5) Duane H. Gillman, the Chapter 7 Trustee of the estate of Kiddie Kandids, LLC (the "*Trustee*"), and (6) the Office of the United States Trustee (the "*U.S. Trustee*") in connection with Trustee's *Motion for Order (A) Approving Auction and Auction Procedures, (B) Approving Sale of Property of the Estate, and (C) Requesting a Report from the Consumer Privacy Ombudsman Appointed in This Case and Otherwise Making a Determination Respecting Privacy Matters and (D) motion to Assume or Reject Certain Leases and or Extended Time to Assume and to Abandon Property* (the "*Motion*") and the auction and sale contemplated thereby, and such documents set forth certain business and financial information, business plans, customer information, and other confidential or proprietary business terms;

WHEREAS, it has been stipulated by and among the parties listed in subparts (1) through (5) above, through their respective counsel, that this Protective Order preserving the confidentiality of such documents and information should be entered by the Court;

- 1 -

WHEREAS, the U.S. Trustee has not stipulated or agreed to the terms of this Protective Order but has been served with a copy of this order and has communicated no objections thereto;

WHEREAS, the Court finds that there is good cause to enter a protective order to protect the privacy of the confidential business, financial, and customer information of the parties and third parties, and to protect each producing party's competitive advantages;

IT IS HEREBY ORDERED THAT:

1. This Protective Order applies to all documents and information, produced or disclosed in connection with any dispute, contested matter, or adversary proceeding related to the Motion and/or the auction and sale contemplated thereby by (a) any party (including, without limitation, any qualified bidder participating in the auction) or (b) any third party (each a "*Producing Party*") designated by the Producing Party as "Confidential Information" or "Confidential Information-Attorney Eyes Only" in accordance with the procedures set forth herein, including, without limitation, (i) the Amendment to Amended and Restated License Agreement (the "*Amendment*") between CPI and TRU; (ii) the letter agreement dated February 22, 2010 (the "*Letter Agreement*") between CPI and TRU; and (iii) the letter terminating the Letter Agreement dated March 8, 2010 between CPI and TRU (the "*Termination Letter*"; and together with the Amendment and the Letter Agreement, the "*Amendment Documents*").

2. For the purpose of this Protective Order, "Confidential Information" means documents or other tangible materials, data, and testimony which the Producing Party designates as Confidential Information pursuant to this Order and which constitute or contain ownership, contractual relations, customer relations, financial and economic information, or business or marketing plans the disclosure of which would reveal or affect the competitive or privacy posture

of the Producing Party or a third-party, provided, however, for the avoidance of doubt, that the Amendment Documents shall be deemed to have been identified as Confidential Information.

3. For the purpose of this Protective Order, "Confidential Information-Attorney Eyes Only" means Confidential Information which a Producing Party, in good faith, believes constitutes highly confidential or highly sensitive material, including senior-level market research, product development, senior-level marketing projections; customer lists; non-public correspondence with regulatory agencies; senior-level project management information; and other highly sensitive business or financial terms belonging to the Producing Party or a third party. The "Confidential Information-Attorney Eyes Only" is to be used in good faith to protect Confidential Information which is highly confidential or sensitive.

4. The Producing Party may, prior to production or disclosure to any other party, designate as "Confidential Information" or "Confidential Information-Attorney Eyes Only" any documents, tangible material, or information that the Producing Party in good faith believes are described in paragraph two or three of this Protective Order. The Producing Party may also, prior to production or disclosure of "Confidential Information" to any other party, redact portions of any materials or documents which the Producing Party believes in good faith warrants exceptional designation by clearly mark the omitted portion as "REDACTED."

5. CPI or TRU shall produce unredacted copies of the Amendment Documents to the U.S. Trustee within one (1) business day following the entry of this Protective Order, provided, however, that the U.S. Trustee shall not share such unredacted copies of the Amendment Documents with the Trustee, LT or PP. In addition, CPI or TRU shall produce redacted versions of the Amendment Documents to the Trustee, PP and LT within one (1) business day following the entry of this Protective Order.

6. No document treated as "Confidential Information" or "Confidential Information-Attorney Eyes Only" under this Protective Order may be filed under seal with the Court unless the Court, on separate motion for good cause shown, either grants leave to file or submit into evidence such documents under seal or orders otherwise. The parties agree that they will not oppose any reasonable motion to file under seal and will endeavor to file any such motion as an agreed motion.

7. If a party objects to the designation of information or documents as "Confidential Information" or "Confidential Information-Attorney Eyes Only" under this Protective Order, or any redaction thereof, the objecting party shall so notify the Producing Party in writing (which, in the case of a deposition, may occur within one business day after receipt of a transcript of the deposition). The notice shall identify the challenged designation and shall state the reason or reasons for the objection. At any time within two (2) business days from the receipt of such notice (or such further time as may be agreed between the Producing Party and party), the Producing Party shall move the Court for a protective order specifically covering the disputed material or the designation as "Confidential Information" or "Confidential Information-Attorney Eyes Only". To the extent that the Producing Party does not seek a protective order for each item of the disputed material or designations, the disputed material or designations shall be deemed not to have been designated as "Confidential Information" or "Confidential Information-Attorney Eyes Only". For purposes of any specific disputed materials or designations that are made the subject of a motion for a protective order, the designation of the information as "Confidential Information" or "Confidential Information-Attorney Eyes Only" shall be maintained until final ruling on the application by this Court.

8. "Confidential Information" may only be disclosed to the following persons (except as permitted in paragraph six above), unless the Court orders otherwise:

(a) Counsel representing a party listed in subparagraph (1) through (6) of the opening Paragraph of this Protective Order and Exhibit A hereto (each a "*Party*");

(b) A Party, *provided*, *however*, that disclosure may be made only to the extent necessary for the prosecution or defense of any dispute, contested matter, or adversary proceeding related to the Motion and/or the auction and sale contemplated thereby;

(c) Any person, including experts and consultants, expressly employed or retained by a Party to whom it is necessary to disclose "Confidential Information" for the purpose of prosecuting or defending any dispute, contested matter, or adversary proceeding related to the Motion and/or the auction and sale contemplated thereby, *provided*, *however*, that counsel for the Party that is disclosing the "Confidential Information" to the person shall provide a copy of this Protective Order to such person; and

(d) Third party witnesses, including persons in the course of their deposition or trial testimony, and such persons shall be bound by the terms of this Protective Order.

The term "Party" shall include an officer, director, or employee of such Party.

9. "Confidential Information-Attorney Eyes Only" may only be disclosed to the following persons (except as permitted in paragraph six above), unless the Court orders otherwise:

(a) Counsel representing a Party;

(b) Any person, including experts and consultants, expressly employed or retained by a Party (but not the Party itself) to whom it is necessary to disclose "Confidential Information-Attorney Eyes Only" for the purpose of prosecuting or defending any dispute, contested matter, or adversary proceeding related to the Motion and/or the auction and sale contemplated thereby, *provided*, *however*, that counsel for the Party that is disclosing the "Confidential Information-Attorney Eyes Only" to the person shall provide a copy of this Protective Order to such person; and

(c) Third party witnesses, including persons in the course of their deposition or trial testimony, and such persons shall be bound by the terms of this Protective Order.

10. Any person or entity to whom "Confidential Information" or "Confidential Information-Attorney Eyes Only" is disclosed in accordance with this Protective Order shall not disclose such "Confidential Information" or "Confidential Information-Attorney Eyes Only" to any other person or entity (except as permitted in paragraphs six, eight and nine, above), unless the Court orders otherwise.

11. If any "Confidential Information" or "Confidential Information-Attorney Eyes Only" is filed with this Court, then, unless the Court orders otherwise, it shall only be filed under seal (which, as stated in paragraph six above, is contingent upon this Court's grant of leave upon separate motion for good cause shown to file or submit into evidence such documents under seal), and identified using the caption of this action, a general description of the sealed contents and a statement that the "contents hereof are confidential and may be revealed only by Court order or upon prior written consent of all counsel for all parties to the Protective Order." The Clerk of the Court shall maintain such sealed materials intact and unopened except as otherwise directed by the Court.

12. Any "Confidential Information-Attorney Eyes Only" or "Confidential Information" that is quoted, attached to, or substantially paraphrased in any pleading, motion, memorandum, appendix or other judicial filing shall be submitted under seal (which, as stated in paragraph six above, is contingent upon this Court's grant of leave upon separate motion for good cause shown to file or submit into evidence such documents under seal), unless the Court orders otherwise. Disclosure of any portion of the transcript of a deposition that reflects or contains "Confidential Information" or "Confidential Information-Attorney Eyes Only" shall be subject to the terms of this Protective Order, and if the transcript is filed with the Court, shall be filed under seal (which, as stated in paragraph six above, is contingent upon this Court's grant of

leave upon separate motion for good cause shown to file or submit into evidence such documents under seal), unless the Court orders otherwise.

13.     If "Confidential Information" or "Confidential Information-Attorney Eyes Only" is used during depositions, in a hearing or trial in this case, or during the course of any other judicial hearing, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use and regarding any subsequent transcription of the proceeding.

14.     If a Producing Party or counsel inadvertently produces "Confidential Information" or "Confidential Information-Attorney Eyes Only" information without designating it as such, it may be disclosed to others until the receiving Party becomes aware of the error. As soon as the receiving Party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Protective Order, and the receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by paragraphs 8 or 9 above, as well as any copies made by such persons.

15.     If a Producing Party inadvertently produces a document that the Party later discovers or in good faith asserts to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the Producing Party must as soon as practicable notify in writing the receiving Party of the inadvertent production, and request the return of the privileged materials or confirm destruction of the privileged materials. Within five (5) business days of receiving such notification, the receiving Party shall return or confirm in writing the destruction of all such materials, including any summaries thereof. Such return or confirmation of destruction shall not preclude the

receiving party from seeking to compel production of the materials for reasons other than its inadvertent production and shall not constitute an admission by the receiving party that the materials were, in fact, privileged in any way.

16. Nothing herein shall be construed to affect in any manner the admissibility of any document, testimony or other evidence.

17. Upon the conclusion of the Motion and/or the auction and sale contemplated thereby by the entry of a final order confirming or denying a sale pursuant to the Motion, any Party receiving "Confidential Information" or "Confidential Information-Attorney Eyes Only" either shall return to the Producing Party all protected information and documents in its possession, custody or control or shall certify destruction thereof in writing. The time for the return or destruction of the documents shall be within thirty (30) days of the conclusion of the Motion and/or the auction and sale contemplated thereby evidenced by the entry of a final order confirming or denying a sale pursuant to the Motion.

18. Notwithstanding the foregoing, and except as necessary for the United States Trustee to comply with duties under 28 U.S.C. § 586(a)(3)(F) or (a)(5), the U.S. Trustee shall within three (3) business days of the conclusion of the Motion and/or the auction and sale return to the Producing Party such "Confidential Information" or "Confidential Information-Attorney Eyes Only" in its possession, custody or control to the Producing Party, including, without limitation, any copies of the Amendment Documents received by the U.S. Trustee.

19. Nothing in the order shall prohibit or limit disclosure of the documents herein or any "Confidential Information" or Confidential Information-Attorney Eyes Only" by the U.S. Trustee to any governmental agency as necessary to comply with duties under 28 U.S.C. § 586(a)(3)(F) or (a)(5).

20. Any Producing Party at any time may petition this Court for a modification of any portion of this Order.

21. This Protective Order may only be amended or modified by written agreement of the parties hereto, or by order of this Court.

Dated: March __, 2010

SO ORDERED:

_____
United States Bankruptcy Court

ORDER SIGNED

AGREED AS TO FORM AND CONTENT:

| **CPI Corp.** | **Toys "R" Us – Delaware, Inc.** |
|---|---|
| By: /s/ Kim Wilson<br>Its Counsel | By: /s/ Jason W. Harbour<br>Its Counsel |
| Kim Wilson<br>Snow, Christensen & Martineau<br>10 Exchange Place<br>Eleventh Floor<br>Salt Lake City, Utah 84111 | Jason W. Harbour<br>Hunton & Williams LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 |
| **The Picture People, Inc.** | **Lifetouch Portrait Studios Inc.** |
| By: /s/ Annette Jarvis<br>Its Counsel | By: /s/ David E. Leta<br>Its Counsel |
| Annette Jarvis<br>Dorsey & Whitney LLP<br>136 South Main Street<br>Suite 1000<br>Salt Lake City, UT 84101-1685 | David E. Leta<br>Snell & Wilmer L.L.P.<br>15 West South Temple<br>Suite 1200<br>Beneficial Life Tower<br>Salt Lake City, Utah 84101-1547 |

**Duane H. Gillman, the Chapter 7 Trustee of the estate of Kiddie Kandids, LLC**

By: /s/ Penrod Keith
　　His Counsel

Penrod Keith
Durham Jones & Pinegar P.C.
111 East Broadway
Suite 900
Salt Lake City, Utah 84111

CHI99 5226486-6.020242.0010