**The below described is SIGNED.**

**Dated: March 30, 2010**

_R. Kimball Mosier_
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

Duane H. Gillman (1194)
dgillman@@djplaw.com
Penrod W. Keith (4860)
pkeith@djplaw.com
DURHAM JONES & PINEGAR
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, Utah 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
Proposed Attorneys for the Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>KIDDIE KANDIDS, LLC,<br><br>Debtor. | Bankruptcy Case No. 10-20334<br>Chapter 7<br>Honorable R. Kimball Mosier<br>**[FILED ELECTRONICALLY]** |

**THIRD ORDER ON TRUSTEE'S MOTION FOR ORDER (A) APPROVING AUCTION AND AUCTION PROCEDURES, (B) APPROVING TRUSTEE'S SALE OF PROPERTY (C) DETERMINING THAT PROPOSED SALE IS CONSISTENT WITH CONFIDENTIALITY DUTIES AND (D) ALLOWING ASSUMPTION AND ASSIGNMENT OF CONTRACT**

The Court having considered the Motion of Duane H. Gillman, the Chapter 7 trustee in this case (the "Trustee"), by and through his counsel of record, Durham Jones & Pinegar for an Order (A) approving an auction and auction procedures for the sale described below; (B) approving the Trustee's sale of the property of the estate of the above-named debtor (the "Debtor") as set forth below; and (C) determining that the proposed sale is consistent with the Debtor's confidentiality policy by, among other things, ordering and obtaining a report from the

SLC_576621.1

**Filed: 03/30/10**

appointed consumer privacy ombudsman with respect to the auction set forth herein and (D) allowing the assumption or rejection of leases and contracts listed below in connection with the auction process and the extension of time to assume or reject such leases as set forth below and the potential abandonment of property associated therewith (the "Motion"), and having considered the notice of the Motion auction prepared and served by the Trustee on parties in interest (the "Sale Notice") and having previously entered an order on March 10, 2010 approving auction procedures, the auction and rejection of certain leases and having considered the remaining portion of the Motion presented by the Trustee for adjudication at the final hearing on the Motion scheduled for March 30, 2010 and having considered all pleadings on file related thereto and having heard the arguments of counsel made at the hearing and for good cause appearing therefore

FINDS

(a) The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334.

(b) The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

(c) Good and sufficient notice of the Motion and the relief sought therein has been given and no other or further notice is required. A reasonable opportunity to object to be heard regarding the relief requested in this motion has been afforded to parties in interest.

(d) All objections, if any, to the sale sought under the Motion, have been resolved, overruled, or withdrawn.

(e) The Trustee conducted an auction on March 19, 2010 under which he accepted bids on property of Kiddie Kandids LLC ("Debtor") offered for sale including (1) the

Amended and Restated License Agreement between Toys R Us and Kiddie Kandids dated December 23, 2005 (the "BRU License"); (2) all IT related equipment at Corporate Bldg A, Bldg B and Lab Location including but not limited to software, source code libraries, hardware, printers, routers, server room contents; (3) all (i) patents, patent applications, and patent disclosures, (ii) copyrightable works and copyrights, and (iii) rights in and to the "Kiddie Kandids" name and all other tradenames, trademarks, service marks, or trade dress owned by Kiddie Kandids, including, without limitation, any applications, registrations, and renewals in connection with the foregoing; (4) all customer lists and customer images and all images stored on any and all devices, customer information and all advertising and marketing materials, (5) all non IT related assets at Corporate Bldg A, Bldg B and Lab Location including but not limited to inventory (frames, mats, paper, chemicals, etc.), vehicles, cameras, phones, furniture and fixtures, lab equipment, supply items in the distribution center or other locations, spare parts for cameras, and props; (6) all assets at Babies R Us ("BRU") locations including but not limited to computers, viewing stations, cameras, leasehold improvements, furniture and fixtures, printers, inventory, props and other equipment; and (7) all assets at leased mall locations or recently removed from such locations including but not limited to computers, viewing stations, cameras, leasehold improvements, furniture and fixtures, printers, inventory (including, without limitation, undelivered customer orders), props, other equipment, (8) all other tangible and intangible assets of the Debtor, of every type and description, wherever located (including, without limitation, any property in the possession of the Debtor's former employees), (9) all of the Debtor's rights under and interests in and to that certain DigitalPost Interactive, Inc – Online Solutions, LLC Business Relationship Agreement between Online Solutions, LLC and DigitalPost Interactive, Inc. and

any proceeds related thereto, and (10) the real property of the Debtor located in Sandy Utah with a street address of 9343 South 670 West, Sandy, Utah 84070 and more particularly described in the legal description set forth in **Exhibit A** hereto (the "Real Property" and, collectively with the property described above, the "Sale Property").

      (f)    The Trustee determined that CPI Corp. ("CPI") was the prevailing bidder at the auction with a bid of $2,600,000.

      (g)    The Trustee has demonstrated good, sufficient, and sound business purposes for the sale of the Property as required by Section 363(b) of the Bankruptcy Code.

      (h)    CPI has acted in good faith and not engaged in conduct that would prevent the application of Section 363(m) of the Bankruptcy Code, and is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby.

      (i)    Effective as of the closing of the sale of the Property as approved by the Court, the transfer of the Sale Property to CPI or its affiliated designees (collectively, the "Purchaser") will (i) be a legal, valid, and effective transfer of property of the estate to the Purchaser; and (ii) vest the Purchaser with all right, title, and interest of the Debtor and the estate in and to the Property purchased free and clear of interests (including liens, taxes, claims, charges or encumbrances) pursuant to Section 363(f) of the Bankruptcy Code.

      (j)    The Trustee has good, valid and legal title to the Real Property.

      (k)    The Sale Property is sold as is, where is, without warranty or other representation of any kind.

(l) The Sale Property is sold pursuant to the terms and conditions set forth in the Motion including the requirement that the prevailing bidder acquires all customer lists images and other customer information stored electronically or in hard copies at the various locations shall obtain those assets 1) subject to the Debtor's existing privacy statement and with an obligation to continue to honor the privacy commitment made by the Debtor and 2) subject to the duty to, in good faith, deliver all existing photos paid for and deliverable to Debtor's customers or which may be paid for and delivered to Debtor's customers.

AND THE COURT THEREFORE ORDERS:

1. The Motion is granted in all respects.

2. All objections to the Motion or the relief requested herein that have not been withdrawn, waived, or settled, including all reservations of rights included therein which are not otherwise provided for by the order are overruled on the merits except that any objection by a lessor of nonresidential real property that has not otherwise been resolved by an existing Order of this Court shall be reserved solely as to such lessor's rights and claims against the estate, but not as to the sale of the Sale Property to the Purchaser free and clear pursuant to terms of the Motion and this Order.

3. The Sale Property shall be sold to the Purchaser for the total amount of $2,600,000 of which amount $600,000 is apportioned to the sale of the Real Property and $2,000,000 is apportioned to all other property sold as described in the findings above, paragraph (e).

4.  The sale of the Sale Property to the Purchaser pursuant to terms of this Motion, the Sale Notice, and the Order approving this Motion, is authorized under sections 363(b) and (f) of the Bankruptcy Code.

5.  The Trustee is authorized and directed to execute and deliver, and empowered fully to perform under, consummate, and implement, the sale contemplated by this Motion and allowed by this Order, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the sales, and to take all further actions as may be reasonably requested by the Purchaser. The Purchaser is ordered to perform in accordance with the terms of the sale embodied in this Order.

6.  Upon closing, the Sale Property shall be transferred to the Purchaser free and clear of any and all "liens" (as defined in Section 101(37) of the Bankruptcy Code), "claims" (as defined in Section 101(5) of the Bankruptcy Code, including, without limitations, any claims for reimbursement, contribution, indemnity, successor, product, environmental, tax, labor, ERISA, CERCLA, alter ego and other liabilities, whether known or unknown), "interests" (as such term is used in Section 363(f)), and encumbrances pursuant to Section 363(f) of the Bankruptcy Code, with all such liens, claims, interests and encumbrances released, terminated and discharged as to the Sale Property and all such liens, claims, interests and encumbrances entitled to be asserted only against the proceeds of sale to the same validity, extent and priority they had on the petition date of the above captioned bankruptcy case; *provided*, *however*, the liens, claims, interests and encumbrances of CapitalSource Finance LLC, in its capacity as Agent for certain lenders of the Debtor, including itself (as more fully described in the Stipulation (as defined below)), shall attach to the proceeds of sale pursuant to and in accordance with that certain *Joint Stipulation*

*And Settlement Agreement Between Chapter 7 Trustee and CapitalSource Finance LLC With Respect To Disposition Of Collateral And Secured Claim And Cash Collateral Agreement* ("Stipulation") as approved by that certain *Order Approving Trustee's Motion for Approval of Settlement Agreement with Syndication Agent* (D.I. 151) ("Settlement Order") entered on March 10, 2010.

7. Without limiting the foregoing, the Real Property shall be transferred to the Purchaser free and clear of the following identifiable interests:

(a) The Trust Deed of Zions First National bank dated April 28, 2005 and recorded in the real property records on April 29, 2005 as entry number 9363037 book 9124 page 8345; and

(b) All other liens, interests and encumbrances whether recorded in the public records or asserted under law and equity which may be alleged as an "interest" in the Real Property; *provided*, *however*, the adequate protection lien granted to Agent under the Stipulation and Settlement Order shall attach to the proceeds of the sale of the Real Property pursuant to and in accordance with the Stipulation and Settlement Order.

8. The transfer of the Sale Property to the Purchaser shall constitute a legal, valid, and effective transfer of the Sale Property, and shall vest the Purchaser with all right, title, and interest of the Debtor and the Debtor's bankruptcy estate in and to the Sale Property free and clear of all liens, claims, interests and encumbrances except for obligations under the Order with all liens, claims, interests and encumbrances to attach to the proceeds as set forth in Section 363 of the Bankruptcy Code to the same validity, extent and priority, if any, they had on the petition date. Effective upon the closing, all persons and entities are forever prohibited and enjoined

from commencing or continuing in any manner any action or other proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding, against the Purchaser or its successors and assigns with respect to any claim, lien, interest, or encumbrance.

9. The requirements of Sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code are herby deemed satisfied with respect to the BRU License, as amended between Toys "R" Us - Delaware, Inc. and CPI Corp. The Trustee is hereby authorized and directed to assume, assign, and transfer the BRU License to the Purchaser free and clear of any liens, claims, interests, and defenses (including, without limitation, rights of setoff and recoupment). The amendment to the BRU License executed between Toys "R" Us - Delaware, Inc. and CPI addresses and satisfies any conditions related to adequate assurance or cure within the meaning of Bankruptcy Code Section 365(b)(1). The BRU License shall be transferred and assigned to the Purchaser and, following the closing, remain valid, binding and in full force and effect for the benefit of the Purchaser in accordance with its terms.

10. The transaction contemplated by the sales and sale procedures is undertaken by the Trustee and the Purchaser in good faith, as that term is used in Section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided in the Order to consummate the sale shall not affect the validity of the sale to such Purchaser, unless such authorization is stayed pending appeal. The Purchaser is a good faith purchaser within the meaning of the Bankruptcy Code.

11. The consideration provided by the Purchaser for the Property pursuant to the sale procedures set forth herein shall be deemed to constitute reasonably equivalent value and fair

consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, or possession thereof.

12. All entities that are presently, or at any time hereafter prior to closing with the Purchaser, may be, in possession of some or all of the Sale Property, including former employess and lessors of rejected leases, are hereby directed to surrender possession of the respective Sale Property to the Purchaser upon closing or with permission of the Trustee and this Order or any written authorization from the Trustee is sufficient proof of such right. The Purchaser has the rights of the Trustee to enforce this provision.

13. The Purchaser is not a successor to, or a mere continuation of, the Debtor or to the Debtor's bankruptcy estate by reason of any theory of law or equity.

14. The Order: (i) is and shall be effective as a determination that, as of the closing, all liens, claims, interests and encumbrances existing as to the Sale Property prior to the closing have been and hereby are unconditionally released, discharged and terminated, and that the conveyance described in the Order has been effected; and (ii) is and shall be effective to cause all liens, claims, interests and encumbrances to attach to and be perfected in the proceeds of the sale of the Sale Property with the same validity, extent and priority, if any, they had on the petition date.

15. The Court retains exclusive jurisdiction to: (i) enforce and implement the terms and provisions of the Order approving this Motion and all amendments thereto, (ii) resolve any disputes arising under or related to the sales contemplated hereby; and (iii) interpret, implement, and enforce the provisions of the Order.

16. The terms and provisions of the Order shall be binding in all respects upon, and inure to the benefit of the Trustee, the Debtor's bankruptcy estate, any of its affiliates, successors, and assign, its creditors and third parties, including but not limited to persons asserting an interest against or interest in the Debtor's bankruptcy estate or any of the Sale Property.

17. Notwithstanding the foregoing, the Sale Property is transferred to the Purchaser (i) subject to the Debtor's existing privacy statement and with an obligation to the Purchaser to continue to honor the privacy commitment made by the Debtor and (ii) subject to the duty of the Purchaser to, in good faith, deliver all existing photos paid for and deliverable to Debtor's customers or which may be paid for and delivered to Debtor's customers. The sale complies with the report of the privacy ombudsman appointed in this case.

18. Notwithstanding Bankruptcy Rule 6004(g), the order shall be effective and enforceable immediately upon entry and shall be self-executing.

**\*\*\*\* END OF ORDER \*\*\*\***

**CLERK'S CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing **THIRD ORDER APPROVING TRUSTEE'S MOTION FOR ORDER (A) APPROVING AUCTION AND AUCTION PROCEDURES, (B) APPROVING TRUSTEE'S SALE OF PROPERTY (C) DETERMINING THAT PROPOSED SALE IS CONSISTENT WITH CONFIDENTIALITY DUTIES AND (D) ALLOWING ASSUMPTION AND ASSIGNMENT OF CONTRACT** was served this _____ day of _____, 2010, via regular U.S. mail, postage prepaid upon the following:

Duane H. Gillman
Penrod W. Keith
Durham Jones & Pinegar
111 East Broadway, Suite 900
P O Box 4050
Salt Lake City, UT 84110-4050

Mark R. Gaylord
Ballard Spahr Andrews & Ingersoll
201 South Main Street, Suite 800
Salt Lake City, UT 84111

David L. Pollack
Ballard Spahr Andrews & Ingersoll
1735 Mark Street, 51st Floor
Philadelphia, PA 19103-7599

Jeffrey A. Chadwick
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661-3693

Brian D. Huben
Katten Muchin Rosenman, LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012

Mona L. Burton
Holland & Hart
60 East South Temple, #2000
Salt Lake City, UT 84111

Elizabeth R. Loveridge
Woodbury & Kesler
265 East 100 South, #300
Salt Lake City, UT 84111

Kim R. Wilson
Snow Christensen & Martineau
10 Exchange Place, Suite 1100
Salt Lake City, UT 84111

Annette Jarvis
Dorsey & Whitney
136 South Main Street, Suite 1000
Salt Lake City, UT 84101

David E. Leta
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, UT 84101

Anna W. Drake
175 South Main Street, Suite 1250
Salt Lake City, UT 84111

Joel T. Marker
McKay Burton & Thurman
170 South Main Street, Suite 800
Salt Lake City, UT 84101

Michael R. Johnson
Ray Quinney & Nebeker
36 South State Street, Suite 1400
Salt Lake City, UT 84111-1451

Peter Kuhn
US Trustees Office
Ken Garff Bldg.
405 South Main Street, Suite 300
Salt Lake City, UT 84111

BY THE COURT:

_____
Deputy Clerk

# EXHIBIT A

LOT 9 AND THE NORTH 42 FEET OF LOT 8, MESA PARK PLAZA SUBDIVISION, ACCORDING TO THE OFFICIAL PLAT THEREOF, ON FILE AND OF RECORD IN THE OFFICE OF THE SALT LAKE COUNTY RECORDER.



SLC_576621.1